IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREVILLION WARD, | ) | No. C 13-4235 JSW (PR) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE;** |
| | ) | **GRANTING LEAVE TO PROCEED IN** |
| vs. | ) | **FORMA PAUPERIS** |
| | ) | |
| GARY SWARTHOUT, | ) | |
| | ) | |
| Respondent. | ) | (Dkt. 5) |
| | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. He has applied for leave to proceed in forma pauperis.

## BACKGROUND

In 2010, Petitioner was convicted in Alameda Clara County Superior Court of attempted murder, assault, corporal injury to a spouse, and possession of a gun by a felon. He was sentenced to a term of 140 years to life in state prison. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Habeas petitions filed by Petitioner in the Alameda County Superior Court, the California Court of Appeal, and the California Supreme Court were denied.

**DISCUSSION**

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.     Legal Claims

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court denied his requests for jury instructions on lesser-included offenses, in violation of due process; (2) admission of testimony regarding brandishing a weapon violated his right to due process; (3) jurors committed misconduct by consuming alcohol during deliberations; (4) cumulative prejudice from various errors violated his right to due process; (5) the use of prior convictions to enhance his sentence violated his rights to due process and to be free from double jeopardy and cruel and unusual punishment; (6) the use of an "erroneously recorded" prior conviction at trial for impeachment and at sentencing for enhancement violated his right to due process; (7) he received ineffective assistance of trial counsel in six different respects; (8) he received ineffective assistance of appellate counsel; and (9) jury selection violated his equal protection rights. Liberally construed, these claims are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **91** days of

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

      3.  Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

      4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED:  November 15, 2013

_____
JEFFREY S. WHITE
United States District Judge

3

1     UNITED STATES DISTRICT COURT

2     FOR THE

3     NORTHERN DISTRICT OF CALIFORNIA

4

5

6     TREVILLION WARD,                          Case Number: CV13-04235 JSW

7              Plaintiff,                       **CERTIFICATE OF SERVICE**

8       v.

9     GARY SWARTHOUT et al,

10             Defendant.
      _____/

11

12    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
      Court, Northern District of California.

13    That on November 18, 2013, I SERVED a true and correct copy(ies) of the attached, by placing
      said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
14    depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
      delivery receptacle located in the Clerk's office.

15

16

17    Trevillion Ward
      CSP-Solano
18    P.O. Box 4000
      Vacaville, CA 95696-4000
19
      Dated: November 18, 2013
20
                                        Richard W. Wieking, Clerk
21                                      By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28