UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVILLION WARD,<br><br>    Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent. | Case No. 13-cv-4235 VC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Doc. No. 7 |

Petitioner Trevillion Ward has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Gary Swarthout has filed a motion to dismiss on the ground that the petition is untimely. For the reasons stated below, the motion to dismiss is granted.

**BACKGROUND**

An Alameda County jury found Ward guilty of attempted premeditated murder, aggravated assault, corporal injury on a spouse and possession of a firearm by a felon for which he received a sentence of 140 years. On June 3, 2011, the California Court of Appeal modified Ward's sentence, but otherwise affirmed his convictions. Resp.'s Ex. A. On August 31, 2011, the California Supreme Court denied the petition for review. Resp.'s Ex. B.

On September 12, 2012, Ward filed a petition for a writ of habeas corpus in the Alameda Superior Court. Resp.'s Ex. C, *In re Ward on Habeas Corpus*, No. 160869 (Cal. Sup. Ct. Nov. 13, 2012). On November 13, 2012, the Alameda Superior Court denied the petition as untimely and, alternatively, as failing to present a prima facie case for relief. *Id*. On January 23, 2013, Ward filed a petition for a writ of habeas corpus in the California Court of Appeal, which was summarily denied on February 6, 2013. Resp.'s Ex. D. On April 8, 2013, Ward filed a petition for a writ of habeas corpus in the California Supreme Court, which was summarily denied on June 12, 2013. Resp.'s Ex. E. On September 12, 2013, Ward filed this federal petition for a writ of habeas corpus.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a petitioner must file a habeas petition in federal court within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Direct review includes the ninety day period to file a petition for certiorari in the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 129 (2009).

Ward's conviction became final on November 29, 2011, ninety days after August 31, 2011, when the California Supreme Court denied his petition for review. The federal limitations period expired one year later on November 29, 2012. Because Ward did not file his federal petition until September 12, 2013, 287 days after the limitations period had expired, the petition is untimely unless Ward can show that he is entitled to statutory or equitable tolling.

**I.  Statutory Tolling**

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). "'Properly filed' means the petition's 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' in that state." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) *amended on other grounds by* 439 F.3d 993 (9th Cir. 2006). "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* (citing *Pace*, 544 U.S. at 413).

The California Superior Court's dismissal of Ward's state habeas petition was the last-reasoned decision regarding Ward's petition and that is what this Court must look to. *See Ylst v. Nunnemaker*, 501 U.S. 797 803, 805 (1991). In its order, the California Superior Court explained that it was denying Ward's petition because, among other reasons, the petition was untimely as to all grounds asserted. Resp.'s Ex. C at 1; s*ee Bonner*, 425 F.3d at 1148 (addressing similar wording in superior court order and finding court denied petition as untimely). The fact that the Superior

2

1  Court alternatively denied the petition on the merits does not render the petition timely and
2  properly filed. *See Carey v. Saffold*, 536 U.S. 214, 225-26 (2002) (state court's alternative rulings
3  does not make petition timely and "properly filed" under state law); *Bonner*, 425 F.3d at 1148-49
4  (same). Ward's petition is, therefore, not entitled to statutory tolling under § 2244(d)(2).

*Bonner* addressed a similar factual situation where a habeas petition was denied by the California Superior Court as untimely. *Id.* at 1146. The Ninth Circuit explained that the denial based on untimeliness meant that the petition was never properly filed for tolling purposes and, thus, it was not entitled to statutory tolling from the date the one-year federal statute began to run to the date the federal petition was filed. *Id.* The Ninth Circuit recognized that this was a harsh result but cited *Pace*, which held that "such a result— a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed'—did not justify a different rule." *Id.* at 1149 (citing *Pace*, 544 U.S. at 416) (internal quotation marks omitted).

Ward argues that the California Superior Court incorrectly denied his petition as untimely because he filed it within the federal one-year statute of limitations. Pet'n at 3. This argument is incorrect because, as explained above, state law controls whether a petition is timely filed in state court.

## II.     Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner must show that the extraordinary circumstances were the cause of his delay and made it impossible to file a petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Common prison security measures such as limited access to a prison law library, institutional

lockdowns and restricted movement within the prison do not warrant equitable tolling. *Ramirez*, 571 F.3d at 998 (common prison security restrictions do not toll statute of limitations or the "exception would swallow the rule").

Ward argues that he is entitled to equitable tolling because of the "inordinate" number of legal claims (thirteen) he asserts, the difficulty in merging his direct appeal claims with his habeas claims, and the considerable time he needed to collect his trial documents, conduct research and formulate legal arguments. He states that completing his habeas petition has consumed his every waking hour. He also asserts that all of these efforts were hampered by institutional lockdowns, restricted movement within his prison, and limited access to the prison law library.

Although Ward's statement that he has been working on his petition "every waking hour" could support a claim that he was diligent, he fails to establish that extraordinary circumstances prevented him from timely filing his petition. Filing an "inordinate" number of habeas claims, limited access to the prison law library, institutional lockdowns and restricted movement within the prison do not constitute the extraordinary circumstances that would have prevented timely filing. *See id.*[1]

In sum, Ward's petition is untimely because neither statutory nor equitable tolling applies. Accordingly, the Court GRANTS Swarthout's motion to dismiss.

## III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

For the reasons stated above, Ward has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

---

[1] Ward also argues that: (i) his lawyer on direct appeal failed to argue that Ward's trial counsel was ineffective; (ii) this failure on the part of Ward's appellate lawyer constituted ineffective assistance of counsel; (iii) Wards' delay in filing his federal habeas petition should be excused because his ineffective assistance claim establishes "cause" for the delay and because he would suffer "prejudice" if the delay were not excused. But the third point does not follow from the first two. Appellate counsel's failure to raise a claim based on ineffective assistance of trial counsel bears no discernible relation to Ward's delays in filing his state petitions or this federal habeas petition.

4

U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The motion to dismiss the petition as untimely is GRANTED and this action is dismissed with prejudice.

2. A certificate of appealability is DENIED. Ward may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall enter a separate judgment, terminate all pending motions and close this case.

4. This order terminates Docket No. 7.

**IT IS SO ORDERED.**

Dated: August 25, 2014

_____
VINCE CHHABRIA
United States District Judge